Matter of Rachel D. (Sandy D.--Luis N.) (2018 NY Slip Op 00517)





Matter of Rachel D. (Sandy D.--Luis N.)


2018 NY Slip Op 00517


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Moulton, JJ.


5025

[*1]In re Rachel D., and Another, Children Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Appellant, Sandy D., Respondent-Respondent, Luis N., Respondent.


Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for appellant.
Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about July 15, 2016, which granted respondent mother's motion to modify a prior dispositional order suspending visitation, by ordering a supervised therapeutic visit with the subject children, unanimously reversed, on the law and the facts, without costs, and the motion denied.
The court's determination lacks a sound and substantial basis in the record, which shows that visitation with the mother would not be in the children's best interests (see Matter of Tristram K., 25 AD3d 222, 228 [1st Dept 2005]). The court erroneously found that no visitation had occurred since 2012, overlooking a supervised therapeutic visit that took place in December 2013, which, in particular, caused the older child to suffer from a resurgence of stress and anxiety-related symptoms. Further, the court failed to address the numerous professional evaluations consistently recommending that visitation with the mother would be detrimental to the children (see Young v Young, 212 AD2d 114, 118 [2d Dept 1995]). Neither did the court explain the basis for its conclusion that the agency was lax in its reunification efforts. Given the finding of neglect and abuse against the mother, and the documented history of stress and trauma triggered by previous visits with her, including a brief, unplanned encounter with the mother at the agency during the hearing, it was an improvident exercise of discretion for the Family Court [*2]to order a supervised therapeutic visit at this juncture (see Matter of Justine N. [Patricia M.], 136 AD3d 452 [1st Dept 2016], lv denied 27 NY3d 906 [2016]), especially after having precluded argument on the issue at the permanency hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK